

**ENDORSEMENT ON DEFENDANTS' RENEWED MOTION TO VACATE JUDGMENT ON LIABILITY (PAPER #42) AND RULINGS AND SCHEDULING ORDER FOR DAMAGES ASSESSMENT HEARING**

**FRANCIS MALTIBY v. CAMBRIDGE LAWYERS GROUP, LLC and KENNETH ONYEMA., NO. 13-1432-B**

## I. MOTION TO VACATE DEFAULT JUDGMENT

After a virtual hearing on November 5, 2020 on the defendants' "Renewed Motion to Vacate Judgment on Liability" (Paper #42), and upon review of the submission of the parties, the motion is **DENIED**.

Some procedural background is necessary. This aged case was filed on August 30, 2013, and a first amended complaint was filed on November 3, 2014. On March 25, 2015, a final judgment on liability entered against the defendants pursuant to Mass. R. Civ. P. 33(a) for failure to answer interrogatories. The defendants filed a motion to vacate the judgment, which was allowed without opposition on June 8, 2015. (The plaintiff contends that his then-counsel was never served with the motion to vacate and that the defendants' certification, with which he was served, was false. The court need not and does not decide that factual dispute.) On July 21, 2016, the plaintiff filed a renewed application for final judgment under Rule 33(a) (Paper #32), and that motion was allowed that same date. That was over four years ago. On August 12, 2016, nearly a month after the Rule 33(a) motion was filed and allowed, the defendant Kenneth Onyema filed a suggestion of bankruptcy. On June 18, 2019, after a three-day trial in United States Bankruptcy Court on the plaintiff's complaint, as a debtor, for a determination that the debts he claimed to be owed by Onyema were non-dischargeable, that court issued its ruling. It held that Onyema committed defalcation while acting as a fiduciary with respect to his handling of $24,500 in funds that the plaintiff had paid to him to retain his legal services. The court therefore determined that up to $24,500 of any debt established by the plaintiff for unearned fees and expenses were excepted from discharge, and it reserved for determination in this action the exact amount of the excepted debt. On September 17, 2020, the court (J. Howe) held a status conference, at which both parties appeared. At that hearing, the court scheduled a hearing for November 5, 2020 for an assessment of damages relating to the default judgment. On October 26, 2020, sixteen months after the Bankruptcy Court's ruling, the defendants filed their renewed motion to vacate the default in this case.

The court rejects as not credible the defendants' contention that they were not properly served with the Rule 33(a) motion or the plaintiff's prior final request for answers. The defendant also readily rejects the contention that the default judgment was, in the words of Mass. R. Civ. P. 60(b)(1), the product of mistake, inadvertence, surprise, or excusable neglect. They have shown no such colorable excuse. Nor does the court find persuasive the defendants' assertion that vacatur of the judgment is warranted because they served interrogatory responses before it entered (in connection with their motion to vacate the first Rule 33(a) judgment that entered) and because discovery has been available to the plaintiff. Moreover, Rule 60(b) expressly provides that a motion for relief from a judgment on that ground must be filed not more

than one year after the judgment entered. Here, the motion was filed more than four years later, and more than a year after Bankruptcy Court proceedings were concluded. So the motion to vacate, pursuant to Rule 60(b)(1), is both non-meritorious and untimely.

The defendants' most significant asserted basis for relief is that the Rule 33(a) judgment is void because Onyema filed for bankruptcy three days before the Rule 33(a) motion was filed and acted upon (in their motion, the defendants mis-cite the respective dates as July 18 and July 21, 2017, but the correct year was 2016). The defendants therefore assert that the automatic stay provisions of the United States Bankruptcy Code render the subsequently-entered default judgment void. Notably, Onyema did not file his suggestion of bankruptcy until nearly a month after the Rule 33(a) judgment entered, and his bankruptcy filing did not list this pending litigation or the plaintiff as a creditor. The court agrees with the plaintiff that, for that reason, Onyema lacks clean hands with respect to those filings. But even if the automatic stay provision would, in theory, invalidate the Rule 33(a) judgment, it would serve no purpose for the court to vacate it, because, at this exceedingly late date in the litigation, the court would simply permit the plaintiff to file a new Rule 33(a) motion that it would then allow. It has been four years since the default judgment entered, and 16 months after the Bankruptcy Court proceedings ended following a trial there on the merits of the plaintiff's claims, as to which the plaintiff obtained a favorable ruling, in part, that is entitled to preclusive effect in this forum. The court is not going to permit the defendants to now litigate liability here. The court also notes Onyema filed for personal bankruptcy protection, so his filing in that court did not effect an automatic stay of the plaintiff's claims against Cambridge Lawyers Group, LLC so as to void the default judgment that entered against that entity.

The plaintiff's request for an award of the attorney's fees he incurred in opposing the defendants' motion to vacate the default judgment is **DENIED**.

## II. RULINGS AND SCHEDULING ORDER FOR DAMAGES ASSESSMENT HEARING

At the November 5, 2020 hearing, the court had extensive discussions with the parties regarding the damages assessment hearing that was scheduled for that same date. For the reasons stated on the record, the court made the following rulings:

(1) an evidentiary damages assessment hearing will be conducted on January 11, 2021 at 9:00 a.m.;

(2) the parties are to exchange proposed exhibits by December 28, 2020 and file any written objections to the other party's proposed exhibits on or before January 5, 2021 (the written objections must be simultaneously served on the other party);

(3) the defendants' "Motion for Judicial Notice or in the Alternative for Issue Preclusion or Collateral Estoppel" (Paper #42.1) is **ALLOWED** to the following extent: (a) any award of primary damages that may be made at the damages assessment hearing will be capped at $24,5000, in accordance with the judgment of the Bankruptcy Court that that is the maximum amount excepted from its discharge order; (b) any such award will exclusively be based on funds

as to which the Bankruptcy Court found Onyema committed defalcation while acting as a fiduciary; and (c) the amount of the excepted debt that is awarded as primary damages will be that portion of the $24,500 that the plaintiff establishes was for unearned legal fees and expenses;[1]

(4) the plaintiff is entitled to an award of reasonable attorney's fees on his G.L. c. 93A claim, and an award of such fees will not run afoul of the Bankruptcy Court's ruling, as that court did not expressly preclude such an award, the issue of attorney's fees was never litigated before it, and the attorney's fees are directly related to Onyema's nondischargeable debt;

(5) the plaintiff is entitled to prejudgment interest on whatever primary amount of damages the court awards, such interest to run from the date of the filing of the original complaint to the entry of the final judgment, as the Bankruptcy Court expressly included such interest as part of the plaintiff's recoverable debt; and

(6) the plaintiff may be entitled to prejudgment interest on his breach of contract claim from the date of the breach, if it is alleged in his amended complaint or, if it is not, he proves the date of such breach.

*[signature]*
11/9/20

---

[1] The court misspoke at the hearing when it stated that the burden would be on the defendants at the damages assessment hearing to establish that some or all of the funds were for earned legal expenses or fees. The party who obtains a default judgment on liability bears the burden of proving damages, and the Bankruptcy Court expressly stated that the plaintiff would have the burden of establishing the amount of the excepted debt.