**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re:<br><br>KENNETH CHINEDU ONYEMA<br>OBIAMAKA J. ONYEMA<br>　　　　Debtors | ) ) ) ) ) ) ) | Chapter 7<br>Case No. 16-41247-CJP |
| FRANCIS MALTIBY<br><br>　　Plaintiff<br>v.<br><br>KENNETH CHINEDU ONYEMA<br><br>　　Defendant | ) ) ) ) ) ) ) ) ) ) ) | Adv. Pro. No. 17-04011-CJP |

ORDER

　　Upon consideration of the *Post-Judgment Motion for Clarification* (Dkt. No. 141) (the "Motion") filed by the debtor-defendant, Kenneth Chinedu Onyema (the "Defendant" or "Onyema"), the *Response and Cross-Motion to Add Attorney's Fees to Judgment of Nondischargeability* (Dkt. No. 150) (the "Cross-Motion") filed by the plaintiff Francis Maltiby (the "Plaintiff" or "Maltiby"), and the objection to the Cross-Motion (Dkt. No. 151) filed by the Defendant, along with a review of the oral decision read into the record as set out in the June 18, 2019 transcript and related Judgment (Dkt. Nos. 137 and 135, respectively), the Court determines that the Judgment requires correction pursuant to Fed. R. Civ. P. 60(a), as made applicable to this proceeding by Fed. R. Bankr. P. 9024, to properly reflect this Court's intention.

　　The Court notes that, while the Plaintiff uses terms such as "fraud," "misrepresentations," and "dishonest" in relation to the Defendant in his Cross-Motion, this Court ruled that the Plaintiff did not meet his burden of proof on Count I of the complaint seeking a nondischargeability determination pursuant to 11 U.S.C. § 523(a)(2)(A)[1] and made no findings consistent with the Plaintiff's characterizations. The Court did find that with respect to Count II, brought under § 523(a)(4), the Defendant "acted at least with reckless disregard to his obligations as a fiduciary with respect to client funds paid by Maltiby when he took the funds in payment to the firm." Tr. 39: 14 – 17, Dkt. No. 137. As such, the Court found that, to the extent that the Plaintiff could establish that a debt arose from the Defendant's defalcation relating to the $24,500 paid by Maltiby to the Defendant's firm (after any offset or defenses relating to fees or expenses incurred relating to services provided by the firm), such debt would not be discharged as provided by § 523(a)(4). Tr. 40:23 – 41:2. In the Judgment entered by the Court, the Court also stated that interest on any such debt would be nondischargeable.

---

[1] Unless otherwise noted, all section references herein are to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code").

Both parties seek clarification of the Judgment. The Plaintiff requests that the Court "amend, alter, or modify its Judgment in this adversary proceeding, in keeping with case law, to also rule that attorneys' fees incurred by Plaintiff are ancillary and necessarily a part of Plaintiff's judgment for nondischargable breach of fiduciary judgment, and should be added to this Court's judgment as nondischargeable." Cross-Mot. 1. The Plaintiff cites no rule in connection with his request to amend the Judgment and states no basis for relief under Fed. R. Civ. P. 59, as incorporated by Fed. R. Bankr. P. 9023, or Fed. R. Civ. P. 60(b), most of the bases for which would be time barred because the Judgment entered over a year ago.

The Defendant seeks clarification that the Judgment should be read to provide that only the capped amount of any debt arising from the defalcation, plus interest, is nondischargeable – not any related claim for attorneys' fees associated with recovery of such debt. *See* Mot. 4. The Defendant does not dispute that the claim for attorneys' fees was timely asserted. Count II of the complaint has an express demand for the recovery of attorneys' fees, and the Defendant acknowledges in the Motion that the issue was part of the claim tried. In considering the requests for relief, the Court realizes that it unintentionally omitted a reference to attorneys' fees in the Judgment.

Fed. R. Civ. P. 60(a) provides that "[t]he court may correct . . . a mistake arising from oversight or omission whenever one is found in a judgment . . . ." Fed. R. Civ. P. 60(a). To the extent the Cross-Motion can be construed to request to correct the Judgment under Fed. R. Civ. P. 60(a), the Court grants the Cross-Motion in part and denies the Motion. Even if the Cross-Motion cannot be interpreted in that manner, the Court exercises its discretion and corrects the Judgment *sua sponte*. *See id.*; *see also Diaz v. Jiten Hotel Mgmt., Inc.*, 741 F.3d 170, 176 (1st Cir. 2013) (determining that "[i]f a district court is so inclined, however, it may correct a judgment 'on its own.'"). Consequently, pursuant to Fed. R. Civ. P. 60(a), the Court amends the Judgment to correct its mistake arising from the unintentional omission by adding the following: "To the extent that a judgment is entered in the State Court Action establishing a 'debt' arising from the mishandling by Onyema of Maltiby's client funds that is consistent with the factual findings made by this Court that Maltiby did not demonstrate false pretenses, a false representation, or actual fraud, and the court in the State Court Action determines that an award of attorneys' fees is appropriate under applicable state law because Onyema was found by this Court to have acted with at least reckless disregard, meaning a conscious disregard that his actions would violate his duties as a fiduciary, the amount of any such fees shall be nondischargeable; provided that any judgment in the State Court Action specifically finds that 1) the amount of legal fees awarded directly relate to the recovery of the client funds provided by Maltiby and not any other claims that will be discharged and 2) the amount of legal fees awarded are reasonable as determined by applicable state law in relation to the efforts to recover $24,500 in client funds paid by Maltiby to Onyema."

Entered this 24th day of December, 2020.

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge